## IN THE UNITED STATES DISTRICT COURT FOR THE
## WESTERN DISTRICT OF MISSOURI
## CENTRAL DIVISION

| | | |
|---|---|---|
| GERRY MARTEEN, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 06-4081-CV-C-NKL |
| | ) | |
| HARRY S. TRUMAN | ) | |
| VA HOSPITAL, | ) | |
| | ) | |
| Defendant. | ) | |

### ORDER DENYING MOTION TO PROCEED *IN FORMA PAUPERIS*
### AND MOTION TO APPOINT COUNSEL

Pending before the Court is Gerry Marteen's ("Marteen") Motion to Proceed *In Forma Pauperis* [Doc. # 2] and Motion to Appoint Counsel [Doc. # 4].

### I.  Motion to Proceed *In Forma Pauperis* [Doc. # 2]

Pursuant to 28 U.S.C. § 1915(a), this Court may authorize commencement of a suit without prepayment of fees. Under 28 U.S.C. § 1915(a), the district court follows a two-step process in considering whether the applicant should be permitted to proceed *in forma pauperis*. First, the Court must determine whether the applicant qualifies by economic status under section 1915(a). *Martin-Trigona v. Stewart*, 691 F.2d 856, 857 (8th Cir. 1982). Second, the Court must determine whether the cause of action stated in the complaint is frivolous or malicious within the meaning of section 1915(d). *Id.*

The opportunity to proceed *in forma pauperis* is a privilege rather than a right, and should not be used to abuse the court's process. *Williams v. McKenzie*, 834 F.2d 152, 154

1

(8th Cir. 1987). Determining whether an applicant is sufficiently impoverished to qualify under § 1915 rests within the sound discretion of the trial court. *Cross v. General Motors Corp.*, 721 F.2d 1152, 1157 (8th Cir. 1983), *cert. denied*, 466 U.S. 980 (1984). A showing of poverty is sufficient if the applicant would be forced to give up the basic necessities of life if required to pay the costs of the lawsuit. *Adkins v. E.I. DuPont de Nemours & Co.*, 335 U.S. 331, 339 (1948). *See also* Local Rule 83.7.

Marteen has submitted an Affidavit in support of his pending Motion [Doc. # 3]. Marteen is currently employed as a cook at Gerbes in Columbia, Missouri, where he has worked for over the last year. Marteen's approximate gross monthly income is $1,120. Marteen's wife is also employed as a custodian at the University of Missouri-Columbia and her approximate gross monthly income is $660. The Marteens also receive income in the form of a disability retirement and it appears they receive income from a pension.

In addition to their income, the Marteens do not owe any balance on their vehicle, which is a 2000 Ford Taurus. Although the Affidavit states they do not own any property, it later states that they have $30,000 in equity in their home. Their monthly expenses exceed $1,200.

The Court finds that Marteen's assets and income would enable him to pay the filing fee associated with pursuing his claim against Defendant. Marteen has considerable equity in his home and he owns his vehicle unencumbered. Moreover, both he and his wife are actively employed and they have other sources of income outside their employment. The Court finds that Marteen would not have to forfeit the basic necessities

of life in order to pay the filing fee. Because Marteen does not satisfy the first prong of the *Martin-Trigona* test, the Court will deny his Motion to Proceed *In Forma Pauperis*.

## II.     Motion to Appoint Counsel [Doc. # 4]

A civil litigant has no constitutional or statutory right to a court-appointed attorney. *Wiggins v. Sargent*, 753 F.2d 663, 668 (8th Cir. 1985). The decision of whether or not to appoint counsel in a particular case lies within the discretion of the district court. *See Rayes v. Johnson*, 969 F.2d 700, 702-03 (8th Cir. 1992); *Nelson v. Redfield Lithograph Printing*, 728 F.2d 1003, 1004 (8th Cir. 1984); *White v. Walsh*, 649 F.2d 560, 563 (8th Cir. 1981).

In *Rayes*, the Eighth Circuit set forth a number of factors to be considered by the district court in deciding whether or not to appoint counsel. The factors include, without limitation: (1) whether the claim is frivolous or malicious; (2) whether the pleadings state a *prima facie* case; (3) the plaintiff's inability to obtain counsel; and (4) the plaintiff's need for an attorney. *Rayes*, 969 F.2d at 703.

In focusing upon the plaintiff's need for an attorney, the district court evaluates several factors, including: (1) whether the plaintiff and/or the Court would benefit from the appointment, (2) the plaintiff's ability to investigate the relevant facts and to present his/her claim, (3) the existence of conflicting testimony, and (4) the complexity of the facts and the legal issues presented. *Id.*

In his Motion, Marteen does not identify any attorneys that he has contacted about his claim. Thus, Marteen has not undertaken any effort to secure counsel and, in the

3

absence of some initial effort on the part of Marteen, the Court will not appoint counsel for him. The Court denies Marteen's Motion to Appoint Counsel.

**III. Conclusion**

Accordingly, it is hereby

(1) ORDERED that Marteen's Motion to Proceed *In Forma Pauperis* [Doc. # 2] is DENIED, and

(2) ORDERED that Marteen's Motion to Appoint Counsel [Doc. # 4] is DENIED.

s/ Nanette K. Laughrey
NANETTE K. LAUGHREY
United States District Judge

DATE: April 24, 2006
Jefferson City, Missouri

4